UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

TERRY SIGNAIGO,                          )
                                         )
    Plaintiff,                       )
                                         )
vs.                                      )     Case No. 4:22 CV **896**
                                         )
LINCOLN LIFE ASSURANCE                   )
COMPANY OF BOSTON,                       )
                                         )
    Defendant.                       )

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for the cause of action, states to the Court as follows:

1.    Plaintiff, Terry Signaigo, brings this action against Defendant, Lincoln Life Assurance Company of Boston (hereinafter referred to as Lincoln) pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, for appropriate relief under ERISA Sections 409 and 502(a)(5), to recover benefits due under the plan; and to obtain other appropriate relief as the court may deem just.

2.    Plaintiff alleges that he was eligible for long term disability benefits under the plan, that he exhausted all administrative remedies available to her and was thereafter wrongfully denied long and short-term disability benefits by the Defendant, and in doing so, Defendant violated Section 502(a)(1)(B) of ERISA.

## JURISDICTION AND VENUE

3.    Jurisdiction of this action is conferred upon this Court by ERISA 502(e)(1), 29 U.S.C.

1132(e)(1), which generally vests the United States district courts with exclusive jurisdiction over all actions brought under ERISA Title I. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 52 (1987)

4.      Venue of this action lies in the United States District Court for the Eastern District of Missouri, pursuant to ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2), where the breach occurred.

## THE PARTIES

5.      At all times material herein, Plaintiff was/is a resident of the state of Missouri and worked in the state of Missouri.

6.      At all times material herein, Plaintiff was a participant under the plan through his employment by JM Family Enterprises.

7.      The plan is an employee welfare benefits plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A), and an employee benefit plan as defined by 29 U.S.C. 1002(3), under which plaintiff is a participant, as defined by 29 U.S.C. 1002(7)

8.      At all times material herein, Lincoln is and has been the plan sponsor of the plan, within the meaning of ERISA, 29 U.S.C. 1002(16)(B)

9.      At all times material herein, Lincoln was the claims administrator of the plan, making and/or participating in making all benefit decisions under the Plan.

## STATEMENT OF FACTS

10.      June 11, 2019, Plaintiff was working for JM Family Enterprises, when his medical conditions worsened to the point that he could no longer perform the material and substantial duties of his own occupation as a "mechanical claims analyst," a sedentary position.

11.     June 12, 2019, plaintiff last worked due to a decline in narcolepsy with cataplexy, muscle weakness, and poor concentration exacerbated by his mental health conditions.

12.     October 2019, plaintiff suffered an additional injury including a bicondylar fracture of his right tibial plateau.

13.     December 2, 2019, plaintiff filed an application for long term disability benefits.

14.     January 25, 2020, defendant issued a decision concluding that plaintiff did not provide the necessary proof to verify disability and his claim was denied.

15.     August 28, 2020, plaintiff's attorney filed an appeal of the January 25, 2020, denial with all updated medical records previously requested with an opinion from plaintiff's treating sleep specialist, Dr. Malhotra.

16.     November 16, 2020, after obtaining opinions from their own doctors, defendant concluded that plaintiff was able to perform his own occupation, despite being unreliable, i.e., needing to be absent randomly three days a month due to episodes of severe sleepiness.

17.     May 14, 2021, plaintiff filed an appeal of the November 16, 2020, denial with an argument and specific questions for the vocational consultant that reviewed or would be reviewing the claim.

18.     July 16, 2021, defendant issued correspondence with new medical opinions from two new doctors hired by defendant with 21 days for plaintiff to respond.

19.     August 5, 2021, plaintiff responded to the additional evidence provided by defendant on July 16, which included several questions to the medical providers, John Zheng, D.O. and Matthew Kalp, M.D.

20.     August 10, 2021, defendant acknowledged receipt of the additional questions to the doctors, but no responses were ever received.

21.     August 31, 2021, defendant issued a final decision concluding that plaintiff's

impairments were not supported from a psychiatric or neurological perspective and no

impairment was supported from June 12, 2019, through the date of the correspondence.

22.     Plaintiff has exhausted all administrative remedies required prior to the filing of this

complaint under ERISA.

23.     29 U.S.C. 1132(a)(1)(B) authorizes plaintiff to recover benefits due under the terms of

the Plan, to enforce plaintiff's rights under the terms of the Plan, and/or to clarify plaintiff's right

to future benefits under the terms of the Plan.

24.     By denying plaintiff payment of disability benefits, the Defendant has violated

and continues to violate ERISA, 29 U.S.C. 1132(a)(1)(B).

**WHEREFORE**, Plaintiff prays that he has and recover judgment in Plaintiff's favor and against

Defendant as follows:

1.  For monthly disability benefits from December 9, 2019, through the resolution of this
    claim;

2.  For benefit reinstatement;

3.  For prejudgment and post judgement interest;

4.  For an award of attorney fees and costs under 29 U.S.C. 1132(g)(1) and the facts and
    circumstances of this case; and

5.  For such other relief as the court deems just and proper.

                              Respectfully submitted,


                              *Kristen N. Van Fossan*
                              /s/ KRISTEN N. VAN FOSSAN, 63608 MO
                              Attorney for Plaintiff
                              211 N. Broadway, Ste. 2400
                              St. Louis, MO  63102

(314) 241-9666 telephone/(314) 241-1125 facsimile
Email:  kristenv@dwfox.com

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on the US Attorney.

/s/ *Kristen N. Van Fossan*
KRISTEN N. VAN FOSSAN, 63608 MO